UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RICARDO CONCEPCION-PADILLA,

    Plaintiff,

v.                                                       Case No. 5:24-cv-219-AW-MJF

PELT LONG,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a Florida prisoner proceeding *pro se* and *in forma pauperis* has filed a civil rights complaint and amendment. Docs. 1, 7, 7-1. The undersigned recommends that the District Court dismiss this case under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), because (1) Plaintiff abused the judicial process by concealing a significant deposit and manipulating his account statements to obtain *in forma pauperis* status;[1] and (2) Plaintiff's

---

[1] The undersigned granted Plaintiff's motion for leave to proceed *in forma pauperis* for the limited purpose of dismissing this action. Because the undersigned was unable to ascertain all of Plaintiff's deposits during the relevant 6-month period, the undersigned assessed an initial partial filing fee based on a best estimate of Plaintiff's average monthly balance given the incomplete information Plaintiff provided.

complaint as amended fails to state a claim on which relief can be granted.

## I. BACKGROUND

Plaintiff is a prisoner confined at the Santa Rosa Correctional Institution. Plaintiff is suing Pelt Long, an officer at the Jackson Correctional Institution. Doc. 1 at 2. Plaintiff claims that Pelt violated the Eighth Amendment when Pelt deprived Plaintiff of his bedding, mattress, hygiene items, and property for 48 hours. *Id.* at 5-7. As relief Plaintiff seeks nominal and punitive damages. *Id.* at 7. Plaintiff filed an amendment to his complaint on November 4, 2024, which supplemented his litigation-history disclosures. Doc. 7.

## II. SCREENING UNDER THE PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act ("PLRA"), requires the District Court to dismiss the case at any time if the court determines that: (1) the allegation of poverty is untrue, or (2) the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(A)-(B); 28 U.S.C. § 1915A(b)(1).

A.   **Screening for False or Misleading Financial Disclosures to Obtain *In Forma Pauperis* Status**

"A party who files a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915." N.D. Fla. Loc. R. 5.3. The *in forma pauperis* statute authorizes the commencement of a civil action "without prepayment of fees or security therefor" upon submission of "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In addition, the statute requires a prisoner seeking leave to proceed *in forma pauperis* to file a certified copy of his trust fund account statement for the 6-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2).

The ability to proceed *in forma pauperis* is not an absolute right. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). Rather, it is a privilege that is afforded to those litigants unable to pay costs without undue hardship. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948) ("The [*in forma pauperis*] statute was intended for the benefit of those too poor

to pay or give security for costs. . . ."). Thus, the litigant must show by affidavit that "because of his poverty, [he] is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004).

In determining whether a prisoner-plaintiff may proceed without prepayment of the filing fee, a district court "may look beyond a party's IFP application to determine his financial means." *Daker v. Head*, No. 19-13101, 2022 WL 2903410, at *1 (11th Cir. July 22, 2022) (citing *Martinez*, 364 F.3d at 1307 n.3); *see also Collier v. Tatum*, 722 F.2d 653, 655 (11th Cir. 1983); *Kinloch v. Chatham Cnty. Detention Centers' Chief Admin.*, No. 22-10835-J, 2022 WL 19039621, at *2 (11th Cir. Nov. 4, 2022).

The court also has a statutory duty to "dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue[.]" 28 U.S.C. § 1915(e)(2)(A). The purpose of § 1915(e)(2)(A) is to prevent false statements of poverty and the manipulation of courts by litigants who transfer or disburse funds in order to avoid prepaying court filing fees.

*Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Daker*, 2022 WL 2903410, at *2 ("The purpose of § 1915 is not to punish a litigant for insignificant discrepancies, but to weed out those who falsely understate their net worth to obtain IFP status to which they are not entitled." (citing *Camp*, 798 F.2d at 438 n.3)).

"Bad faith in this context includes deliberate concealment of income in order to gain access to a court without prepayment of filing fees." *Vann v. Comm'r of N.Y. City Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012) (citing *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467-68 (S.D. N.Y. 2004)).

**B.   <u>Screening for Failure to State a Claim</u>**

To prevent dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678. The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," that is, "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In applying the foregoing standard, the court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

### III.  DISCUSSION

**A.  <u>Plaintiff Concealed a Significant Deposit, Divested Himself of Funds, and Obscured Information on His Account Statements to Avoid Prepayment of Court Fees and to Manipulate the Assessment of an Initial Partial Filing Fee</u>**

Plaintiff filed his complaint on September 20, 2024. Doc. 1 at 1. Plaintiff simultaneously filed a motion for leave to proceed *in forma pauperis*. Doc. 2. Plaintiff's supporting financial affidavit (dated September 16, 2024), stated under penalty of perjury that Plaintiff had not received any money from any source within the past 12 months. Doc.

2 at 2 ¶ 6(e). Plaintiff also provided an inmate account printout, but it was incomplete. *Id.* at 5-6. The printout reflected transactions in Plaintiff's inmate trust account for only a 5-month period from April 18, 2024 to September 18, 2024. *Id.*

On October 3, 2024, the undersigned noted Plaintiff's incomplete account printout and ordered Plaintiff to pay the $405.00 filing and administrative fees or correct the deficiency in his *in forma pauperis* application by filing a complete printout for the period March 18, 2024 to April 18, 2024. *See* Doc. 4.

In response, Plaintiff filed a *portion* of an account printout. *See* Doc. 6. The partial printout reflected transactions for only *one day*: March 18, 2024. *Id.* And Plaintiff altered the printout to obscure all other parts of the printout, for example, Plaintiff's running account balance. *Id.*

Plaintiff then filed an additional account printout. Doc. 8. This printout reflected Plaintiff's transactions for the period March 20, 2024 to May 13, 2024. However, this printout, too, was altered. Plaintiff obscured the columns reflecting the amount of each transaction *and* his

running account balance. *Id.* One of the transaction amounts Plaintiff concealed was a deposit from "Risk Mgmt" on March 25, 2024. *Id.*

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that on March 18, 2024, Plaintiff settled a civil rights case in the Northern District of Florida. *See Concepcion-Padilla v. Godwin*, No. 5:23-cv-59-TKW-MJF, Doc. 47 (Notice of Settlement). Plaintiff's settlement proceeds *exceeded* $2,500.00, because the incomplete account printout Plaintiff initially filed in the present case indicated that Plaintiff's "Beginning Balance" on April 18, 2024, was $2,532.68. *See* Doc. 2 at 5.

Plaintiff did not disclose the settlement proceeds in his sworn financial affidavit. *See* Doc. 2 at 2. Plaintiff then attempted to conceal the proceeds by providing incomplete and altered account printouts. Plaintiff also concealed how much of the settlement proceeds he spent from March 25, 2024, to April 18, 2024, by obscuring the dollar amounts of transactions and his running account balance during that period. *See* Doc. 8.

What the court *can* glean from Plaintiff's incomplete account printouts is that Plaintiff had $2,532.68 on April 18, 2024, and disbursed $1,380.00 to "Edna G. Padilla" on May 8, 2024. Doc. 2 at 5. Plaintiff disbursed an additional $600.00 to Ms. Padilla on May 13, 2024. *Id.* Ms. Padilla is not a dependent. *See* Doc. 2 at 2 (Plaintiff's admission that he has no dependents).

The court also can glean that at the time of the incident giving rise to this lawsuit (July 17, 2024), Plaintiff had $452.46 in his inmate account. *See* Doc. 2 at 6. Instead of saving those funds to pay for this lawsuit (which Plaintiff must have anticipated), Plaintiff spent his account down to $279.35 by making Canteen and "Access Catalog" purchases. *Id.*

Thus, although Plaintiff's inmate account balance was $279.35 when he filed this lawsuit, he was not truly indigent. He had received over $2,500.00 just 6 months prior. Plaintiff did not need the settlement proceeds to pay for his own necessities because they are provided by the Florida Department of Corrections at taxpayers' expense. Plaintiff divested himself of the settlement proceeds by making significant cash

gifts to a non-dependent, and by spending remaining funds on discretionary items (with the exception of a $5.00 medical co-pay).

Just as the money was available for discretionary spending and gifts, it also was available for saving to cover Plaintiff's expenses such as litigation, which is a recurring expense for Plaintiff. Plaintiff has been an active litigator in the federal courts, having filed *at least* five civil rights cases (including this one) in the Northern District of Florida in the past three years. *See* Doc. 1 at 12-13 (Pl's disclosure of four other civil rights cases filed since 2021).

As an active litigator, Plaintiff was familiar with the provisions of the *in forma pauperis* statute at the time he filed this lawsuit and applied for leave to proceed *in forma pauperis*. And Plaintiff knew that the $2,500+ settlement proceeds from March 25, 2024 was a deposit that would be considered in (1) determining whether he qualified to proceed *in forma pauperis* and (2) assessing an initial partial filing fee.

Plaintiff's false statement, deliberate concealment of income, disabling himself of funds, and manipulating his account printouts reflect bad faith and an intent to deceive the court to obtain IFP status.

*See Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (a litigant acts in bad faith when he attempts to perpetrate a fraud upon the court or when he manipulates or spends funds to ensure that he cannot pay the filing fee). Hiding money "is not a permissible alternative to seeking the judge's assistance." *Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016). "An applicant has to tell the truth, then argue to the judge why seemingly adverse facts (such as the trust fund in this case) are not dispositive. A litigant can't say, 'I know how the judge should rule, so I'm entitled to conceal material information from him.'" *Id.* at 443.

The court should not allow Plaintiff's false response and manipulative tactics to go unpunished. If Plaintiff suffered no penalty for his conduct, there would be little or no disincentive for Plaintiff's attempt to evade or undermine the purposes of the court's IFP forms.

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See* 28 U.S.C. § 1915(e)(2)(A); *Daker*, 2022 WL 2903410, at 2. "[A]lthough a prisoner's misrepresentation of his or her financial assets might not necessarily rise to the level of an untrue allegation of poverty

Page 11 of 17

requiring dismissal in all cases, dismissal under § 1915(e)(2)(A) is certainly appropriate where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain *in forma pauperis* status." *Vann*, 496 F. App'x at 115 (citing *Cuoco*, 328 F. Supp. 2d at 467-68); *see also Wilson v. Sargent*, 313 F.3d 1315, 1321 n.7 (11th Cir. 2002) (per curiam) (noting that if a court determines that the plaintiff is unable to pay the filing fee at the time of collection "because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action."). After all, if "every inmate were permitted to simply spend funds in the canteen [or elsewhere] to avoid paying a filing fee, the *in forma pauperis* review would be a waste of time and effort." *Briand v. State of Fla.*, No. 4:06-cv-104-WS, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006).

An appropriate sanction for Plaintiff's conduct is to dismiss this case. *See, e.g., Kinloch*, at *2 (dismissing case as sanction for prisoner's failure to disclose in financial affidavit past monies received and immediately spent; rejecting prisoner's argument that he was not required to save past cash gifts to pay future court filing fees); *Cuoco,*

*supra*; *Smith-Garcia v. Harrison County*, 776 F. App's 226, 227 (5th Cir. 2019) (dismissing case as sanction for prisoner's failure to disclose in financial affidavit money received from prior lawsuit; receipt of money occurred within 12-month timeframe covered by IFP affidavit).

B.   **Plaintiff Fails to Allege a Constitutional Deprivation**

An additional, independent reason to dismiss this case is that Plaintiff's complaint, as amended, fails to state a plausible claim under the Eighth Amendment. *See* Docs. 1, 7.

The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. An Eighth-Amendment claim based on the conditions of a prisoner's confinement "requires a two-prong showing: an objective showing of a deprivation or injury that is 'sufficiently serious to constitute a denial of the 'minimal civilized measure of life's necessities' and a subjective showing that the official had a 'sufficiently culpable state of mind.'" *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

"[A] prisoner's mere discomfort, without more, does not offend the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1289, 1295 (11th Cir. 2004). To satisfy the objective component, "the challenged condition must be 'extreme,'" and at the very least must pose "'an unreasonable risk of serious damage to [the prisoner's] future health' or safety." *Chandler*, 379 F.3d at 1289 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). "In evaluating an Eighth Amendment claim, [courts] consider both the 'severity' and the 'duration' of the prisoner's exposure to extreme temperatures." *O'Connor v. Kelley*, 644 F. App'x 928, 932 (11th Cir. 2016) (quoting *Chandler*, 379 F.3d at 1295).

Plaintiff claims that Officer Long violated the Eighth Amendment when he deprived Plaintiff of all bedding, a mattress, hygiene supplies and property for 48 hours in July 2024. Doc. 1 at 5-7. Plaintiff alleges that this property restriction was cruel and inhumane because it was for no penological purpose. *Id.* at 7-8.

Plaintiff's allegations demonstrate that he was not exposed to "extreme" conditions rising to the level of a cruel and unusual deprivation. *Woodson v. Whitehead*, 673 F. App'x 931, 932 (11th Cir.

2016) ("Confinement without clothing (other than boxers), bedding, or hygienic materials for 72 hours during the months of April and August in Florida is not the type of extreme prison conditions that create a substantial risk of serious harm." (citing *Chandler*, 379 F.3d at 1297-98)); *Turner v. Warden, GDCP*, 650 F. App'x 695, 701-02 (11th Cir. 2016) (prisoner's confinement in a strip cell for 10 days in October where he was not given any food for a 24-hour period "d[id] not rise to the level of cruel and unusual deprivations"); *O'Connor*, 644 F. App'x at 932 (prisoner's placement on strip-cell status for longer than 72 hours during January in Florida, without a blanket, mattress or bed and with only a "suicide shroud," did not violate the Eighth Amendment).

Amendment would be futile. The 48-hour property restriction was a brief property restriction in Florida in July. This condition, gauged under the Eighth-Amendment's objective standard, does not rise to the level of a constitutional deprivation.

### IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.  The District Court **DISMISS** this case under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), for these reasons:

    a.  Plaintiff made a false allegation of poverty and abused the judicial process by concealing a significant deposit and manipulating his financial documentation to obtain *in forma pauperis* status and reduce his initial partial filing fee; and

    b.  Plaintiff's complaint as amended fails to state a claim on which relief may be granted.

2.  The clerk of the court enter judgment accordingly and close this case file.

At Panama City, Florida, this <u>8th</u> day of November, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may</u>**

**appear on the electronic docket is for the court's internal use only.** A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.