IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**RICARDO CONCEPCION-PADILLA,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**Case No. 5:24-cv-219-AW-MJF**

**PELT LONG,**

    **Defendant.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Having carefully considered the matter, I now adopt the report and recommendation (ECF No. 10) and incorporate it into this order. I have considered de novo the issues raised on Plaintiff's objections (ECF No. 11).

As the magistrate judge explains, Plaintiff has not alleged an Eighth Amendment violation, so I will dismiss for failure to state a claim. I decline to *sua sponte* allow amendment because there does not appear to be any amendment that will cure the defect. This is not a case where additional details could help. The whole thrust of the claim is that an officer's taking Plaintiff's bedding and other belongings for 48 hours constitutes an Eighth Amendment violation, and it does not.[1]

---

[1] Plaintiff has a pending motion to amend (ECF No. 7) but the proposed amendment does not cure the defect. With or without that amendment, Plaintiff has failed to state a claim.

1

Next, I agree with the magistrate judge that Plaintiff was deceitful in his *in forma pauperis* application. But because I am dismissing for failure to state a claim, I will not separately address whether dismissal would be appropriate on that basis to.

The clerk will enter a judgment that says, "Plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim." The clerk will then close the file.

SO ORDERED on December 9, 2024.

s/ *Allen Winsor*  
United States District Judge